**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4722**

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

          v.

VINCENT EDWARD JONES,

               Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.   Henry F. Floyd, District Judge. (6:02-cr-00326-HFF-1)

Submitted:  January 18, 2011        Decided:  April 11, 2011

Before KING and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.   Alan Lance Crick, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Vincent Edward Jones pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (2000) and possession with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine in violation of 21 U.S.C. § 841(a) (2000). During the pendency of Jones' sentencing hearing, he and the Government reached an agreement as to sentencing. The district court imposed the agreed upon 210-month sentence at the conclusion of Jones' sentencing hearing. Jones then filed this timely appeal.

Jones' attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning the reasonableness of his sentence. Because we find no meritorious grounds for appeal, we affirm.

This court reviews a district court's sentence for reasonableness under an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007). This review requires appellate consideration of both the procedural and substantive reasonableness of a sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties,

2

and sufficiently explained the selected sentence. Id. Finally, this court reviews the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010).

Here, the district court followed the necessary procedural steps in sentencing Jones, properly calculating the Guidelines sentence, considering the § 3553(a) factors, and sentencing Jones to a negotiated sentence of 210 months — some 150 months below the bottom of his advisory Guidelines range. Hence, we determine that the sentence imposed by the district court was both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jones in writing of the right to petition the Supreme Court of the United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>